IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles W. McCormick, | ) | C/A No. 0:14-3176-RBH-PJG |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| Warden McFadden, | ) | |
| Respondent. | ) | |

  Petitioner Charles W. McCormick, a self-represented state prisoner, filed this habeas action pursuant to 28 U.S.C. § 2254. This matter is before the court on a motion filed by the petitioner seeking appointment of counsel. (ECF No. 33.) The Petitioner's motion appears to be largely based on his desire for assistance in obtaining a copy or a transcript of a digital recording that was played at his trial during defense counsel's cross-examination of a witness that the Petitioner believes is important to his case.

  There is no right to appointed counsel in habeas cases. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995). Attorneys may be appointed for a person "seeking relief under section 2241, 2254, or 2255 of title 28" when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Counsel may be appointed when counsel is necessary for effective discovery and must be appointed when evidentiary hearings are required. See Rules Governing § 2254 Cases, Rules 6(a) & 8(c), 28 U.S.C. foll. § 2254. At this time, no evidentiary hearing has been set in this case and the questions presented are not so complex as to require an attorney to effectively argue them for the Petitioner.

PJG

Accordingly, the Petitioner's request for counsel to be appointed under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), is denied. However, the Petitioner may file a motion to supplement the record on or before **April 1, 2015** if he believes the record in the instant habeas corpus case is incomplete.

**IT IS SO ORDERED.**

March 17, 2015
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE