UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Charles W. McCormick, | ) | Civil Action No.: 0:14-cv-03176-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Charles W. McCormick, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Petition, ECF No. 1. Respondent Warden McFadden filed a motion for summary judgment, as well as a return and supporting memorandum. *See* ECF Nos. 20 & 21. Petitioner filed a response in opposition to Respondent's motion for summary judgment. *See* ECF No. 38. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Paige J. Gossett.[1] *See* R & R, ECF No. 43. The Magistrate Judge recommends the Court grant Respondent's motion for summary judgment and deny Petitioner's petition. R & R at 1, 24. Petitioner filed timely objections to the R & R. *See* Pet.'s Objs., ECF No. 49.

For the reasons stated below, the Court adopts the Magistrate Judge's R & R and grants Respondent's motion.

**Background**

A state jury found Petitioner guilty of murder, second-degree arson, and possession of a weapon during the commission of a violent crime, and the trial court sentenced him to an aggregate sentence

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

of life imprisonment. Petition at 1; ECF No. 20-6 at 35, 45-46. The Magistrate Judge provides a thorough summary of the facts and procedural history of this case, with citations to the record, in her R & R. *See* R & R at 1-5. Respondent filed no objections to the R & R, and Petitioner's objections do not dispute the Magistrate Judge's rendition of the procedural history. Accordingly, finding no clear error, the Court adopts the facts and procedural history set forth in the R & R.

Petitioner raised four grounds for relief in his § 2254 habeas petition: (1) trial counsel was ineffective for not presenting an alibi defense; (2) trial counsel was ineffective for relying on the State's DNA evidence and not conducting an independent investigation of that evidence; (3) the state trial court erred in admitting statements obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966); and (4) appellate counsel was ineffective for not appealing the trial court's erroneous admission of the statements.[2] *See* Petition at 5-14; ECF No. 1-2 at 3-12.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error

---

[2] The R & R contains a comprehensive, verbatim quotation of the four grounds and supporting facts alleged in Petitioner's petition. R & R at 5.

2

in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## Discussion

### I.     Habeas Standard

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 governs review of his claims. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "[e]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Moreover, state court factual determinations are presumed to be correct, and

Petitioner has the burden to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under the AEDPA, a federal court must afford a state court's decision "deference and latitude that are not in operation when the case" is being considered on direct review. *Harrington*, 562 U.S. at 101. Federal review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. *See id.* at 98 (observing "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 102.

In other words, to obtain habeas corpus from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (internal quotation marks omitted).

**II.     The Magistrate Judge's R & R and Petitioner's Objections**

The Magistrate Judge recommends the Court grant Respondent's motion for summary judgment as to each of the four grounds that Petitioner raises in his petition. R & R at 9-24. The Court addresses the Magistrate Judge's recommended disposition of each ground and Petitioner's respective objections.

**A.     Grounds One and Two**

Petitioner alleged in Grounds One and Two of his petition that his trial counsel was ineffective for (1) not presenting an alibi defense and (2) not conducting an independent investigation of the DNA evidence used by the State. Petition at 5-8. The Magistrate Judge recommends the Court find both grounds are procedurally defaulted because, although the state post-conviction relief (PCR) court ruled on these issues, Petitioner did not raise them when he appealed the PCR court's order to the South Carolina Court of Appeals.[3] R & R at 9-11. In his objections, besides rehashing many of the same arguments raised in his petition, Petitioner disputes the Magistrate Judge's finding that Grounds One and Two are procedurally defaulted. Pet.'s Objs. at 2-4. Petitioner contends the Court should excuse his procedural default on the basis of actual innocence.[4] *Id.*

The procedural default rule precludes federal habeas review of a claim that has been decided by a state court on the basis of a state procedural rule, and is summarized as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The fundamental miscarriage of justice exception is also known as the actual innocence rule, and it enables a federal habeas court to ensure that federal constitutional errors do not result in the wrongful incarceration of an innocent person. *McQuiggin v.*

---

[3]     The Magistrate Judge further found Petitioner's procedural default could not be excused pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), because *Martinez* does not extend to allegations of ineffective assistance of appellate PCR counsel. R & R at 10-11; *see Martinez*, 132 S. Ct. at 1320 ("The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.").

[4]     The Magistrate Judge does not address Petitioner's actual innocence claim in the R & R.

*Perkins*, 133 S. Ct. 1924, 1931 (2013). "[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). "In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin*, 133 S. Ct. at 1931. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

A habeas petitioner who raises a gateway claim of actual innocence must pass a two-part test to obtain review of otherwise procedurally barred claims. First, the petitioner must support his allegations of constitutional error with new reliable evidence not available at trial.[5] *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (explaining "new reliable evidence" includes "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"). Second, the petitioner must establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. A court need not proceed to the second step of the test if the petitioner does not support his claim with reliable evidence. *See Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999), *aff'd*, 208 F.3d 208 (4th Cir. 2000).

The Court finds Petitioner has not made a sufficient showing of actual innocence for either Ground One or Ground Two.

### 1.     Ground One: Alibi Defense

Petitioner's arguments concerning Ground One relate to trial counsel's alleged ineffectiveness

---

[5]     The Supreme Court recently "caution[ed] . . . that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S. Ct. at 1928 (alteration in original) (quoting *Schlup*, 513 U.S. at 329); *see also Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (stating an actual innocence claim "should not be granted casually").

6

for not presenting an alibi defense. *See* Pet.'s Objs. at 2-3; Petition at 5-6; ECF No. 1-2 at 3-4; ECF No. 38-1 at 2-6. Here, the only "new" evidence offered by Petitioner is an affidavit from his sister, Lorraine Borger, that he submitted with his response opposing Respondent's motion for summary judgment.[6] *See* ECF No. 38-2 at 1. In her affidavit, Borger states:

> To the best of my recollection, on the night of January 1, 2006 about 11:30 p.m. I received a phone call from an officer named, Novak. They told me there was an accident and were looking to get in touch with my brother, Charles McCormick. I told them ***he was staying with my family, but was not at home at the time.*** They told me they were coming over to my house. Shortly after that, my brother came back to my house and I told him the police were looking for him.

ECF No. 38-2 at 1 (emphasis added). The remainder of the affidavit corroborates the trial testimony of the police officer, Captain Robert Bromage, who arrived at Borger's house, questioned Petitioner, and arrested him.[7] *Compare id.*, *with* ECF No. 20-3 at 80-90 (Captain Bromage's testimony describing his initial encounter with Petitioner at Borger and her husband's residence and the events leading to

---

[6] Petitioner's arguments indicate he believes the statements that he made to police captain Robert Bromage after his arrest could be considered new evidence in the context of an actual innocence claim. Pet.'s Objs. at 2-3; ECF No. 1-2; ECF No. 38-1 at 2-3. Captain Bromage testified during trial that, after arresting and *Mirandizing* Petitioner, he asked Petitioner "where he had been that night" and "what he had been doing." ECF No. 20-3 at 89-92. Captain Bromage testified Petitioner said he had been drinking at his sister's house and at a restaurant named One Hot Mama's; Captain Bromage asked Petitioner "if he had been by his wife's house, . . . and he said absolutely not." *Id.* at 94.

Petitioner claims Captain Bromage's testimony repeating Petitioner's post-arrest statements supports a finding of factual innocence. Pet.'s Objs. at 2-3; ECF No. 1-2 at 3; ECF No. 38-1 at 2-3. This testimony is not new evidence because it was available and elicited at trial. *See Schlup*, 513 U.S. at 324 (stating that to establish an actual innocence claim, a petitioner must present "new reliable evidence . . . *that was not presented at trial*" (emphasis added)); *see also Olson v. Ryan*, No. CV-12-02578-PHX-SMM, 2015 WL 163447, at *11 (D. Ariz. Jan. 13, 2015) (rejecting the petitioner's argument that a DVD video supported his actual innocence claim because the DVD "was available at trial and was shown to the jury"). The Court also notes the post-arrest statements Petitioner gave Captain Bromage are the same ones at issue in Grounds Three and Four.

[7] Borger concludes her affidavit by stating, "At no time did I smell gasoline or smoke on [Petitioner's] clothing. Also, at no time did I see blood coming from what the police said was a fresh cut. . . . [H]e was not bleeding profusely as stated in court . . . ." ECF No. 38-2 at 1. Although Petitioner argues Borger's statements lend credence to an alibi defense, *see* Pet.'s Objs. at 2-3, these details cannot be found to constitute an alibi. The mere fact that Borger did not smell on Petitioner the components associated with a fire or discern profuse bleeding would not by itself lead a reasonable juror to conclude Petitioner was in a different place when the crimes were committed.

7

Petitioner's arrest).

Even assuming *arguendo* that Borger's affidavit is reliable, it does not establish an alibi as to Petitioner's whereabouts at the time of the crimes. The State's evidence at trial established that between 7:30 P.M. and 10:00 P.M. on January 1, 2006, Petitioner shot and killed his wife, set fire to her house, and left.[8] *See* ECF No. 20-2 at 77-78, 84-85, 101-04; ECF 20-3 at 18, 116-17; ECF 20-4 at 23-24, 114-17; ECF 20-5 at 5-16, 36-39, 51, 68-88. Borger's statements do not establish an alibi for Petitioner from 7:30 P.M. to 10:00 P.M., the time frame during which the crimes occurred. *See generally United States v. Jett*, 18 F. App'x 224, 240 (4th Cir. 2001) (defining an alibi as a "'defense that places the defendant at the relevant time of crime in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party'" (quoting *Black's Law Dictionary* 71 (6th ed. 1990))). Borger indicates Petitioner was living at her home on January 1, 2006, but she does not clarify what time Petitioner left the house or how long he was gone. ECF No. 38-2 at 1. In fact, she specifies Petitioner "was not at home at the time" the police officer called her at 11:30 P.M. *Id.* at 1. She states Petitioner returned to her house "[s]hortly after" 11:30 P.M., and her affidavit leaves wide open Petitioner's whereabouts during the time the shooting happened and the fire began. *See id.*

The Court notes trial counsel's testimony from the state PCR hearing provides insight on the details given in Borger's affidavit regarding Petitioner's absence when the police officer called her at 11:30 P.M. *See generally Schlup*, 513 U.S. at 328 (explaining that in reviewing an actual innocence claim, a habeas court should "consider the probative force of relevant evidence that was either excluded or unavailable at trial"); *House v. Bell*, 547 U.S. 518, 538 (2006) ("*Schlup* makes plain that *the habeas*

---

[8] There was no evidence at trial contradicting the State's timeline of events.

8

*court must consider 'all the evidence,' old and new,* incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial.'" (emphasis added) (quoting *Schlup*, 513 U.S. at 327-28)). Trial counsel testified that while investigating Petitioner's potential alibi defense, he spoke to Borger but she could not provide an alibi. ECF No. 20-6 at 101-02, 104. Borger reported Petitioner was in her home "[a]t some part of the evening." *Id.* at 101. Borger "went upstairs" sometime that evening, and "[w]hen she came downstairs, [Petitioner] was gone. She didn't know the exact time that he left; but she did notice that he was gone, because his dog was gone also."[9] *Id.* at 101-02. Given trial counsel's testimony, as well as Borger's affidavit, it is clear Borger did not and (apparently) still does not know where Petitioner was during the hours of 7:30 P.M. and 10:00 P.M. on January 1, 2006. She therefore has not provided Petitioner with an alibi.

The Court concludes Petitioner's actual innocence claim for Ground One fails because Borger's affidavit fails to establish that no reasonable juror could find Petitioner guilty of the crimes beyond a reasonable doubt had the juror been provided Borger's statements. *See Schlup*, 513 U.S. at 327 (stating a habeas petitioner who raises a gateway claim of actual innocence must establish "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence"). Accordingly, the Court overrules Petitioner's objection as to Ground One.

### 2.     Ground Two: DNA Evidence

Petitioner's arguments concerning Ground Two relate to trial counsel's alleged ineffectiveness for not pursuing an independent investigation of the DNA evidence that the State used against Petitioner at trial. *See* Pet.'s Objs. at 6-8; Petition at 5-6; ECF No. 1-2 at 4-10; ECF No. 38-1 at 6-8.

---

[9]     Trial counsel further testified that after Petitioner left Borger's house, Petitioner went to One Hot Mama's restaurant. ECF No. 20-6 at 102. Trial counsel explained, "There was a gap of time between those two events that we could not provide an alibi for." *Id.* Petitioner, in accounting for this gap of time, informed trial counsel that it began raining as he arrived at the restaurant, so "he sat with his dog in his truck for approximately 45 minutes." *Id.*

9

Specifically, Petitioner argues trial counsel should have requested that the defense's forensic expert (Dr. Ron Ostrowski) inquire into the methodology of the State's DNA testing procedures and seek retesting of Petitioner's clothing. *Id.*

Petitioner has not tendered any new evidence to support his actual innocence claim for Ground Two. He simply alleges that the State's DNA testing procedures were "unreliable" and resulted in "biological material [being] destroyed during testing." Pet.'s Objs. at 3-4; ECF No. 1-2 at 4-5; ECF No. 38-1 at 8. A gateway claim of actual innocence "require[s] the petitioner to come forward with actual evidence of his or her innocence, not mere allegations of his or her innocence." *Frazier v. Johnson*, No. 3:09CV262, 2010 WL 4395434, at *5 (E.D. Va. Oct. 29, 2010). Petitioner's allegations are not evidence, and therefore they do not satisfy the new reliable evidence standard required to prove an actual innocence claim. *Cf. Frederick v. McCabe*, No. 9:11-CV-00211-RBH, 2011 WL 6026611, at *4 (D.S.C. Dec. 5, 2011) (finding the petitioner failed to prove his actual innocence claim because he did "not set forth any 'new evidence' as required by *Schlup*, but rather argue[d] only that the evidence presented at trial 'raise[d] serious [constitutional] questions'" (third alteration in original)); *Simpson v. Cockrell*, No. 3:01-CV-0081-M, 2002 WL 1733713, at *1 (N.D. Tex. July 25, 2002) (rejecting the petitioner's actual innocence claim, "that he was actually innocent because the DNA evidence found on the victim did not match his DNA," because he submitted no new DNA evidence to support his claim).

Because Petitioner has not come forth with the requisite evidence necessary to establish his factual innocence, a claim of actual innocence cannot excuse him from procedural default. Accordingly, the Court adopts the Magistrate Judge's recommendation as to procedural default and overrules Petitioner's objections regarding Grounds One and Two.

**B.     Ground Three**

Petitioner alleged in his petition that the state trial court erred in refusing to suppress statements that law enforcement obtained in violation of *Miranda*. Petition at 8; ECF No. 1-2 at 10-11. The Magistrate Judge found Petitioner failed to show the state trial court's decision was contrary to, or an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented to the trial court. R & R at 20. Petitioner objects to the Magistrate Judge's findings that the state trial court reasonably determined that (a) Petitioner was not in custody when he made several pre-arrest statements and (b) Petitioner's post-arrest statements were not rendered involuntary due to his level of intoxication. *Id.*; Pet.'s Objs. at 4-6.

When a defendant is not in custody, *Miranda* does not apply. *Montejo v. Louisiana*, 556 U.S. 778, 795 (2009). When a defendant is in custody or otherwise deprived of his freedom, *Miranda* requires law enforcement, before initiating questioning, to warn the accused "that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Miranda*, 384 U.S. at 444. A waiver of *Miranda* rights must be knowing, intelligent, and voluntary. *Id.* "[T]he mere fact that one has consumed alcoholic beverages does not mean that he is so intoxicated as to make his confession involuntary." *Boggs v. Bair*, 892 F.2d 1193, 1198 (4th Cir. 1989).

In South Carolina state courts, a two-step determination of voluntariness occurs. *State v. Washington*, 296 S.C. 54, 55-56, 370 S.E.2d 611, 611-12 (1988). First, the trial court determines, via an in camera hearing, whether or not appropriate *Miranda* warnings were given and freely and voluntarily waived by the defendant, and whether his statement or confession was otherwise voluntary. *Id.* At the hearing, the State has the burden to establish by a preponderance of the evidence that the confession or statement was freely and voluntarily given and that *Miranda* rights were waived. *Id.* Second, if the trial court finds the statement was free and voluntary, the court must submit the matter

11

to the jury, which cannot consider the statement on the issue of guilt or innocence until they have found that it was made freely and voluntarily beyond a reasonable doubt. *Id.*

As the Magistrate Judge explains, there are two sets of statements at issue:[10] (1) Petitioner's pre-arrest statements made to a coroner—and overheard by Captain Bromage—at Borger's house; and (2) Petitioner's post-arrest statements made to Captain Bromage at a police substation after Captain Bromage read Petitioner his *Miranda* rights. *See* R & R at 11. The trial court held a suppression hearing at which Captain Bromage testified as to the circumstances surrounding Petitioner's statements, arrest, and physical demeanor. ECF No. 20-1 at 123-26; ECF No. 20-2 at 1-41, 54-57. After hearing Captain Bromage's testimony, as well as a tape recording of Petitioner's post-arrest interrogation, the trial court concluded the first set of statements was admissible because Petitioner was not in custody when he made them, and that the second set of statements was admissible because the evidence did not show Petitioner was so intoxicated that his will was overborne. ECF No. 20-2 at 30-40. The trial court's finding was upheld on appeal because Petitioner filed a pro se *Anders*[11] response contesting the trial court's ruling and the South Carolina Court of Appeals dismissed the appeal after considering Petitioner's *Anders* brief and pro se response. ECF Nos. 20-6 at 48-59; 20-8 & 20-9.

As thoroughly summarized in the Magistrate Judge's R & R, the trial court had sufficient evidence to support its rulings, by a preponderance of the evidence, that Petitioner was not in custody when he gave the pre-arrest statements and that he voluntarily waived his *Miranda* rights before making the post-arrest statements. *See* ECF No. 20-2 at 30-40, 54-56. As the Magistrate Judge recognized, the state court's findings of fact are entitled to deference by this court. *See* R & R at 7, 20; *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) ("We also accord state court factual findings a

---

[10] The trial court granted Petitioner's motion to suppress a third set of statements. ECF No. 20-2 at 54-57.

[11] *Anders v. California*, 386 U.S. 738 (1967).

12

presumption of correctness that can be rebutted only by clear and convincing evidence." (citing 28 U.S.C. § 2254(e)(1))). The Court therefore agrees with the Magistrate Judge that Petitioner has not shown the state court's findings were contrary to or an unreasonable application of federal law, or involved an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, the Court overrules Petitioner's objections and adopts the Magistrate Judge's recommendation as to Ground Three.

**C.     Ground Four**

In Ground Four of his petition, Petitioner argued appellate counsel was ineffective for not appealing the trial court's erroneous admission of the statements at issue in Ground Three. Petition at 10. Petitioner raised this claim in his PCR application, but the PCR court rejected it. ECF No. 20-6 at 62, 118, 122-23. The PCR court found Petitioner could not maintain a claim for ineffective assistance of appellate counsel because he filed a pro se response to counsel's *Anders* brief raising the issue involving the statements, and therefore the appellate court (the South Carolina Court of Appeals) would necessarily have reviewed the issue pursuant to the procedures outlined in *Anders v. California*, 386 U.S. 738 (1967), and *State v. Williams*, 305 S.C. 116, 406 S.E.2d 357 (1991). The Magistrate Judge recommends that the Court find the PCR court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. R & R at 20-24. In his objections to the R & R, Petitioner argues he was prejudiced by appellate counsel's decision to file an *Anders* brief and failure to request a digital recording of the statements. Pet.'s Objs. at 6-7.

A criminal defendant has the right to the effective assistance of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). Claims of ineffective assistance of trial counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A habeas petitioner must first show trial counsel's performance was deficient and fell below an objective standard

13

of reasonableness. *Id.* at 687-88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. In cases brought under § 2254, "it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, . . . § 2254(d)(1) requires a habeas petitioner to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner." *James v. Harrison*, 389 F.3d 450, 457 (4th Cir. 2004) (internal quotation marks and citations omitted).

Here, Petitioner has not shown the PCR court's denial of his ineffective assistance of appellate counsel claim was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. *See* 28 U.S.C. § 2254(d)(1)-(2); *James*, 389 F.3d at 457. As the PCR court recognized, Petitioner was not prejudiced by his appellate counsel's filing of an *Anders* brief because Petitioner himself filed a pro se response raising the same issue he wanted the South Carolina Court of Appeals to decide. *See* ECF 20-9 (Petitioner's pro se *Anders* response); ECF No. 20-6 at 122-23 (PCR court's finding). Pursuant to the procedure outlined in *Anders* and *Williams*, the Court of Appeals reviewed Petitioner's pro se response, and would have ordered appellate counsel to brief the issue regarding the statements had the court found the issue to have arguable merit. *See Williams*, 305 S.C. at 117, 406 S.E.2d at 358 ("Upon the receipt of the pro se brief or the expiration of the period to file a pro se brief, this [c]ourt will then proceed to review the record as required by *Anders*. If no issue of arguable merit is discovered, the appeal will be dismissed and counsel's petition to be relieved will be granted. In the event the [c]ourt finds any issue(s) of arguable merit, the parties will be directed to submit new briefs."). The Court of Appeals, after a thorough review of the record, agreed with appellate counsel's assertion that the appeal lacked merit, granted counsel's motion to be relieved, and dismissed Petitioner's direct appeal. ECF

No. 20-6 at 58. Based on the Court of Appeals' decision, it was reasonable for the PCR court to find appellate counsel was not ineffective because the issue regarding the statements was raised to the appellate court and found to have no arguable merit. ECF No. 20-6 at 122-23. Accordingly, the Court overrules Petitioner's objections and adopts the Magistrate Judge's recommendation as to Ground Four.

**D.     Evidentiary Hearing**

In his final objection, Petitioner contends the Magistrate Judge erred in not holding an evidentiary hearing. Pet.'s Objs. at 7-8. The Court summarily overrules Petitioner's objection for the reasons stated in the Magistrate Judge's R & R. *See* R & R at 24; *see generally* 28 U.S.C. § 2254(e)(2) (stating a district court "shall not hold an evidentiary hearing" unless the habeas petitioner shows (1) his claim rests upon a new rule of constitutional law or on a factual basis that could not have been previously discovered through due diligence; and (2) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty of the underlying offense").

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right."

## **Conclusion**

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and the applicable law. The Court has conducted a de novo review of the portions of the R & R to which Petitioner specifically objects, and it finds no merit in his objections. For the reasons stated in the Court's order and the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates by reference the R & R [ECF No. 43].

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment [ECF No. 21] is **GRANTED** and that Petitioner's petition for a writ of habeas corpus [ECF No. 1] is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, SC                                                                                         s/ R. Bryan Harwell
August 12, 2015                                                                                 R. Bryan Harwell
                                                                                                            United States District Judge